IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION

PEOPLES BANK OF PARAGOULD,
ARKANSAS                                                                    PLAINTIFF/ APPELLANT

VS.                                      1:06CV00006-WRW

LARRY SWETNAM and
VIRGINIA SWETNAM                                                   DEFENDANTS/APPELLEES

## ORDER

This is an appeal from a final order of the United States Bankruptcy Court of the Eastern District, Batesville Division.[1] Appellants, Peoples Bank of Paragould ("PBP"), filed this appeal from an order denying an exception to a discharge of the debts of Appellee, Larry Swetnam ("Swetnam"). PBP filed its brief,[2] to which Swetnam responded,[3] and PBP replied.[4]

**I. Background**

Swetnam is an auctioneer who agreed to auction cars that had been repossessed by PBP. Swetnam earned over $90,000.00 from the auction. Swetnam deposited this money in a separate bank account, and then wrote three checks to PBP. The checks bounced, and PBP never recovered its money.

PBP challenged Swetnam's bankruptcy petition and argued that the debt owed to it from the auction met two exceptions to discharge: (1) Swetnam was a fiduciary at the time the debt

---

[1] Doc. No. 28, Adversary Proceedings Case No. 1:01AP01015.

[2] Doc. No. 2.

[3] Doc. No. 6.

[4] Doc. No. 7.

1

arose; and (2) Swetnam is guilty of fraud.[5] After a hearing, the Bankruptcy Court found that there was insufficient evidence of fraud and Swetnam was not a fiduciary.

## II. Standard of Review

The Bankruptcy Court's factual findings are reviewed for clear error and its conclusions of law are reviewed *de novo*.[6] Subsidiary findings of fact on which the legal conclusion is based are reviewed for clear error.[7]

A finding that a debtor is not a fiduciary within the meaning of 11 U.S.C. § 523(a)(4) is reviewed *de novo* because it is a question of law.[8] A finding that there is insufficient evidence of fraud is reviewed for clear error.[9]

## III. Authority

### A. Burden of Proof

The party seeking to establish an exception to the discharge of a debt bears the burden of proof.[10] The burden of proof required for establishing an exception to discharge is a

---

[5]11 U.S.C. § 523(a)(4) (stating that a discharge is not applicable where there is fraud or defalcation while acting in a fiduciary capacity).

[6]*Papio Keno Club, Inc. v. City of Papillion, (In re Papio Keno Club, Inc.)*, 262 F.3d 725, 728 (8th Cir. 2001); *Popkin & Stern v. Lurie (In re Popkin & Stern)*, 223 F.3d 764, 765 (8th Cir. 2000).

[7]*Reynold v. U.S. Dept. of Education (In re Reynold)*, 425 F.3d 526, 530 (8th Cir. 2005).

[8]*Quevillon v. Baylis (In re Baylis)*, 313 F.3d 9 (1st Cir. 2002).

[9]*Reynold*, 425 F.3d at 530.

[10]*Belfry v. Cardozo (In re Belfry)*, 862 F.2d 661, 662 (8th Cir. 1988).

preponderance of the evidence.[11] The statutory exceptions to discharge in bankruptcy are narrowly construed.[12]

### B. Fraud

To establish a fraud exception to dischargeability, PBP must prove the following factors: (1) Swetnam obtained money from PBP through representations which he either knew to be false, or he made the representation with reckless disregard for the truth; (2) Swetnam intended to deceive PBP; (3) PBP relied on Swetnam's misrepresentations; and (4) PBP's reliance was reasonable.[13]

### C. Fiduciary Relationship

Whether a relationship can be characterized as "fiduciary" for the purpose of Section 523(a)(4) is a question of federal law.[14] However, state law may create fiduciary status which is recognized in bankruptcy proceedings.[15]

Under federal law, a broad definition of a fiduciary relationship involving confidence, trust and good faith does not apply in a bankruptcy context.[16] The fiduciary capacity must arise

---

[11] *Grogan v. Garner*, 498 U.S. 279, 286-87 (1991).

[12] *Belfry*, 862 F.2d at 662.

[13] *Burt v. Maurer (In re Maurer)*, 256 B.R. 495 (B.A.P. 8th Cir. 2000).

[14] *Tudor Oaks Ltd. Partnership v. Cochrane (In re Cochrane)*, 124 F.3d 978, 984 (8th Cir. 1997).

[15] *Barclays Am./Bus. Credit Inc. v. Long (In re Long)*, 774 F.2d 875, 878 (8th Cir. 1985).

[16] *Hunter v. Philpott*, 373 F.3d 873 (8th Cir. 2004).

from either an express trust or technical trust, but not from a constructive trust or a contractual relationship.[17]

The technical trust must exist before and without reference to the alleged wrongdoing.[18] The fiduciary relationship must pre-exist the incident creating the contested debt.[19] The alleged fiduciary's duties must be *independent* of any contractual duties.[20] In short, the bankruptcy act applies only to a debt created by a person who was already a fiduciary when the debt was created.[21] Debts arising from misappropriation by persons serving in a traditional, pre-existing fiduciary capacity, established by state law doctrines, cannot be discharged.[22]

In Arkansas, express trusts are called direct trusts. They are generally created by instruments that point out directly and expressly the property, persons, and purposes of the trust. They are called direct or express trusts because they are distinct from trusts that are implied, presumed, or construed by law to arise out of the transaction of the parties. Because express trusts are directly declared by the parties, there can never be a controversy whether they exist.[23]

---

[17]*Werner v. Hofmann*, 5 F.3d 1170, 1172 (8th Cir. 1993).

[18]*Cochrane*, 124 F.3d at 984.

[19]*Devaney v. Dloogoff (Matter of Dloogoff)*, 600 F.2d 166 (8th Cir. 1979).

[20]*Texas Comptroller v. Trans State Outdoor Advertising Co. Inc.* (*Matter of Trans*), 151 F.3d 339 (5th Cir. 1998) (citing *Chapman v. Forsyth*, 43 U.S. (2 How.) 202 (1844).

[21]*Davis v. Aetna Acceptance Co.*, 293 U.S. 328 (1934).

[22]*Gupta v. Eastern Idaho Tumor Institute, Inc. (In re Gupta)*, 394 F.3d 347 (5th Cir. 2004).

[23]*Arnold v. Stephens*, 173 Ark. 205 (1927).

A fiduciary status under a technical trust is created if Arkansas case law treats the relationship between an auctioneer and its customer as one that is equivalent to the position occupied by a trustee of an express trust.[24] In Arkansas, the auctioneer and property owner are treated as agent and principle.[25] Arkansas case law does not define an auctioneer as a fiduciary to the property owner.

## IV. Discussion

Whether or not Swetnam committed fraud is a question of fact, and is reviewed for clear error. The Bankruptcy Court found that PBP did not present sufficient evidence to sustain their burden of proof that the debt was incurred by intentional false representation, which the debtor knew was false.[26] Swetnam testified that, when he wrote the checks to PBP, he believed that there were sufficient funds in the account to cover the check amounts. In view of this testimony, which the Bankruptcy Court credited, the finding that Swetnam did not commit fraud was not clearly erroneous, and should be affirmed.

The decision that Swetnam was a not fiduciary was a proper application of federal and state law. Since the agreement between Swetnam and PBP did not create an express trust, PBP must prove that a technical trust existed, and that he was a fiduciary of the trust.

Such a fiduciary relationship must be recognized by Arkansas law. PBP argues that auctioneers are similar to attorneys because they are licensed and are regulated by state law. PBP

---

[24]*Ragsdale v. Haller,* 780 F.2d 794 (9th Cir. 1986) (holding that because state case law treats partners as trustees, then partners are fiduciaries, but, on the other hand, corporate principles are not fiduciaries because state case law treats them as agents not as trustees).

[25]*Commercial Bank at Alma v. Hales*, 281 Ark. 439 (1984).

[26]*In re Lane*, 104 Fed. Appx. 608, 609 (8th Cir. 2004).

5

contends that, because of this similarity, auctioneers, like attorneys, are fiduciaries under Arkansas law. I disagree.

The attorney/client relationship is recognized in Arkansas as fiduciary[27] and privileged.[28] This relationship is exacting, as well as confidential, requiring a high degree of fidelity, trust, confidence and good faith, and it survives the client's death.[29] On the other hand, Arkansas classifies the relationship between an auctioneer and his client as an agency relationship,[30] with no privileges and no duties that require a high degree of trust and confidentiality. Therefore, under Arkansas law, an auctioneer is not a fiduciary, and no such relationship existed when Swetnam agreed to be PBP's auctioneer.[31]

Reviewing the Bankruptcy Court's decision *de novo*, I affirm the conclusion that Swetnam was not a fiduciary at the time the debt arose.

## V. Conclusion

Based on the above, the decision of the Bankruptcy Court is AFFIRMED.

---

[27]*Delanno, Inc. v. Peace*, 366 Ark. 542 (2006).

[28]*Arkansas Nat. Bank v. Cleburne County Bank*, 258 Ark. 329 (1975).

[29]*Weil v. Fineran*, 78 Ark. 87 (1906); *Norfleet v. Stewart*, 180 Ark. 161 (1929); *Chavis v. Martin*, 211 Ark. 80 (1947); *American-Canadian Oil & Drilling Corp. v. Aldridge & Stroud*, 237 Ark. 407 (1963); *Swidler & Berlin v. U.S.*, 524 U.S. 399 (1998) (holding that the attorney client relationship survives client's death).

[30]*Hales*, 281 Ark. at 441 (holding that an auctioneer is merely a selling agent).

[31]*Ragsdale,* 780 F.2d at 796 (9th Cir. 1986) (holding that corporate officers are not fiduciaries because state case law treats them as agents not as trustees).

IT IS SO ORDERED this 5th day of April, 2007.


/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE